**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1)   VOJTECH DVORAK and <br> 2)   JANA DVORAKOVA, husband and wife, <br><br>         Plaintiffs, <br><br> v. <br><br> 1)   CSAA FIRE AND CASUALTY INSURANCE COMPANY, d/b/a AAA INSURANCE, <br><br>         Defendant. | Case No.: 18-cv-00322-CVE-FHM <br> *(formerly Tulsa County District Court Case No. CJ-2018-2328)* |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, CSAA Fire and Casualty Insurance Company, d/b/a AAA Insurance ("Defendant" or "CSAA"), hereby removes the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2(a), a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3**.

The removal of this case to federal court is based on the following:

**INTRODUCTION**

1. Plaintiffs Vojtech Dvorak and Jana Dvorakova ("Plaintiffs"), claim they are the owners and occupants of a residential property located in Tulsa County, Oklahoma. (*See* Petition, ¶¶ 4-9, **EXHIBIT 2**.)

2. Plaintiffs claim they purchased the subject property on or about December 12, 2014, and contemporaneously therewith purchased homeowners' insurance from CSAA. (*See* Petition, **EXHIBIT 2**.)

3. Plaintiffs contend that their roof was damaged by hail during the spring of 2017, that Plaintiffs made a hail damage claim to CSAA, and that CSAA thereafter denied coverage for Plaintiffs' claim. According to Plaintiffs, CSAA determined that the hail damage in question existed prior to the inception of the insurance policy with CSAA. *(See* Petition, **EXHIBIT 2**.)

4. Plaintiffs have asserted claims in their Petition against CSAA for breach of contract and bad faith. Plaintiffs also seek to recover punitive damages. (*See* Petition, **EXHIBIT 2**.)

### COMPLETE DIVERSITY EXISTS

5. "'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

6. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

7. However, as of the moment Plaintiffs filed their Petition, diversity jurisdiction existed. As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction. Specifically, this case is between citizens of different states and the amount in controversy exceeds that required for diversity jurisdiction.

8. Upon information and belief, at the time of filing, the relevant time period, Plaintiffs were citizens and residents of the State of Oklahoma. (*See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating the jurisdiction depends upon the state of things at the time of filing).

9. At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana with its "nerve center" or "principal place of business" in Walnut Creek, California. (*See* NAIC Company Demographics for CSAA Fire and Casualty Insurance Company, attached as **EXHIBIT 4**.) CSAA was not and is not a citizen of the State of Oklahoma.

10. At the time of filing Plaintiffs' Petition, Plaintiffs were not citizens of the State of Indiana or the State of California. (*See* Declarations Page, CSAA Fire and Casualty Insurance Company Policy No. HO5-003849197, **EXHIBIT 5**.)

11. For purposes of removal under 28 U.S.C. 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated in and the state where is has its principal place of business. 28 U.S.C. § 1332(c). While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "never center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

12. As Plaintiffs and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

13. Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In the present case, this requirement is also met.

14. The Tenth Circuit Court of Appeals has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiffs are seeking damages in excess of $75,000.00.

15. Specifically, "Plaintiffs pray for judgment against Defendant CSAA Fire and Casualty Insurance Company on their claim for bad faith handling of an insurance claim, and request actual damages, punitive damages, and interest in excess of $75,000.00." (Petition, **EXHIBIT 2**.)

16. Therefore, based upon the foregoing, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

17. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with the Court. On or about June 5, 2018, Plaintiffs, pursuant to 36 O.S. § 621(b), served Defendant, through the Oklahoma Insurance Commissioner, with the Summons and Petition. (*See* Transmittal Letter from the Oklahoma Insurance Commissioner, dated June 5, 2018, **EXHIBIT 6**; Summons, received by the Oklahoma Department of Insurance's Legal Division on June 5, 2018, **EXHIBIT 7**.) As such, it has not been thirty (30) days since CSAA was served with this lawsuit.

18. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally*, Petition, **EXHIBIT 2**.)

19. This case has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court in and for Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the County of Tulsa. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

20. Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiffs. CSAA will also promptly file a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire and Casualty Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

          Respectfully Submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        jerry@pclaw.org
**ATTORNEYS FOR DEFENDANT,
CSAA FIRE AND CASUALTY
INSURANCE COMPANY, D/B/A
AAA INSURANCE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ryan J. Fulda, Esquire

I hereby certify that on June 20, 2018, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Mr. Don Newberry
Tulsa County Court Clerk
500 South Denver Avenue
Tulsa, Oklahoma  74103

          s/ Gerard F. Pignato
          For the Firm