# EXHIBIT 2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| VOJTECH DVORAK AND JANA DVORAKOVA, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CSAA Fire and Casualty Insurance Company, d/b/a AAA Insurance<br><br>Defendant. | CJ-2018-02328<br><br>LINDA G. MORRISSEY<br><br>Case No.: CJ-<br><br>DISTRICT COURT<br>FILED<br>MAY 31 2018<br>DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY |

## PETITION FOR DAMAGES

COMES NOW Vojtech Dvorak and Jana Dvorakova, husband and wife, by and through their attorney of record Ryan J. Fulda of Schaffer Herring PLLC, and for their cause of action against Defendant CSAA Fire and Casualty Insurance Company, allege and state as follows:

1. Plaintiffs Vojtech Dvorak and Jana Dvorakova ("Plaintiffs") are domiciled in Tulsa County, State of Oklahoma. Plaintiffs live in Oklahoma and intend to remain in the state.

2. Defendant CSAA Fire and Casualty Insurance Company, d/b/a AAA Insurance, ("Defendant CSAA") is a corporation incorporated in California.

3. The principal place of business of Defendant CSAA is California.

4. This Petition asserts claims for breach of contract and bad faith claims handling relating to the rights and liabilities of the parties under a policy for homeowners insurance coverage issued by Defendant CSAA to Plaintiffs, Policy No. H05-003849197 (the "Policy").

5. The Policy insures a residential property owned by Plaintiffs and located at 11527 S. New Haven Ave., Tulsa, OK 74137.

6. Venue is proper in Tulsa County under OKLA. STAT. TIT. 12 § 137 because the cause of action accrued in Tulsa County.

## Factual Background

7. Plaintiffs are the owners and occupants of a residential property located at 11527 S. New Haven Ave., Tulsa, OK 74137.[1]

8. The Property was originally constructed in 2007. In 2009, construction was performed for an addition to the Property.

9. Plaintiffs purchased the Property on or about December 12, 2014.

10. Prior to their purchase of the Property, the Plaintiffs obtained an inspection of the roof of the Property. The roof inspection was performed by David Carpenter of Bone Dry Roofing, Inc. on November 25, 2014. Mr. Carpenter documented his findings in a report (the "BRI Report") which did not identify any hail damage to the roof of the Property.

11. In the BRI Report, Carpenter documented that "[t]here was no evidence of any storm damage to the shingles or adjoining penetrations."

12. While Carpenter was hired to perform a pre-purchase inspection of the roof, he was also a salesman for BRI. As such, Carpenter had incentive to notify owners of storm damage. Carpenter did not document any storm damage in the BRI Report.

13. In conjunction with their purchase of the Property, the Plaintiffs purchased a policy of Homeowner's Insurance Coverage through Defendant CSAA, Policy No. H05-003849197 (the "Policy").

---

[1] Plaintiffs are trustees of the Jana Dvorakova Revocable Trust, which owns the Property. Plaintiffs, and not the trust, are the named insureds under the Policy.

14. The Property remained insured through Defendant CSAA for all times relevant to Plaintiffs' cause of action.

15. In the spring of 2017, the Plaintiffs learned of hail damage to the roof of the Property.

16. The Plaintiffs reported the hail damage to Defendant CSAA, and made a claim for benefits under the Policy.

17. Defendant CSAA assigned claim number 1002-08-5785 to the claim (the "Claim").

18. On May 16, 2017, Defendant CSAA's Claims Representative Brittany Rutledge wrote Plaintiffs and acknowledged receipt of Plaintiffs' Claim.

19. Defendant CSAA did not provide Plaintiffs with a Proof of Loss form.

20. On June 29, 2017, Defendant CSAA AAA Field Adjuster Micah Parks and Hancock Claims Consultants to assess the damage to the Property and evaluate the Claim.

21. After conducting an inspection of the Property, Defendant CSAA's Senior Homeowner Claims Specialist Danielle Giusti wrote Plaintiffs on July 27, 2017 and advised Plaintiffs that the damage to the roof was excluded under the terms of the Policy.

22. Specifically, Defendant CSAA's Senior Homeowner Claims Specialist Danielle Giusti ("Adjuster Giusti") advised Plaintiffs that hail damage that was found to the home occurred prior to the Plaintiffs' policy inception with Defendant CSAA.

23. Defendant CSAA advised, "we are unable to provide coverage for this loss."

24. Following Defendant CSAA's denial of the Claim, Plaintiffs wrote Defendant CSAA on August 8, 2017, and advised Defendant CSAA that the Plaintiffs obtained an inspection of the roof prior to their purchase of the Property, which found no hail damage.

25. Plaintiffs provided Defendant CSAA with a copy of the BRI Report, which documents "no evidence of any storm damage."

26. Adjuster Guisti responded to Plaintiffs on August 23, 2017, and advised that there "had not been a storm that has produced hail large enough to cause the damage since you [purchased] your home. Based on this, we are unable to provide coverage for this loss under your policy as the damage occurred prior to you purchasing your policy with AAA."

27. Adjuster Giusti further inquired, "Did your initial inspection of the home have any photos to support the findings of no storm damage?"

28. While Adjuster Giusti had a duty to investigate the Claim and could (and should) have contacted David Carpenter of BRI herself in order to request photographs and investigate the claim, she did not do so. Instead, she put the burden on Plaintiffs in an effort to avoid paying a claim that Defendant CSAA owed.

29. Indeed, had Adjuster Giusti contacted David Carpenter of BRI, she would have confirmed what Carpenter stated clearly in his report: He did not see any evidence of hail damage on the roof of the Property.

30. The Plaintiffs then retained attorney Craig Fitzgerald ("Attorney Fitzgerald") to represent them regarding their Claim to Defendant CSAA.

31. On September 18, 2017, Attorney Fitzgerald wrote Adjuster Giusti, and renewed Plaintiffs' demand for complete coverage of the Claim.

32. Attorney Fitzgerald also requested copies of weather records reviewed by Defendant CSAA in concluding there were no relevant hail events during the relevant time period.

33. On October 4, 2017, Adjuster Giusti responded to Attorney Fitzgerald's letter.

34. Adjuster Giusti provided photographs taken on behalf of Defendant CSAA which documented extensive hail damage to the roof.

35. Adjuster Giusti refused to provide weather records reviewed by Defendant CSAA, claiming that the information requested was "work product".

36. Defendant CSAA again denied Plaintiffs' demand for complete coverage of the Claim, on the basis that the hail damage pre-existed the Policy.

37. Adjuster Guisti was wrong – there were multiple documented hail events during policy period.

38. Additionally, the BRI Report clearly documented no storm damage to the roof prior to Plaintiffs' purchase of the Property.

39. Plaintiffs have complied with all conditions of the Policy, and have requested benefits to which they are owed.

40. Defendant CSAA has denied Plaintiffs' Claim.

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT
### AS TO DEFENDANT CSAA

41. Plaintiffs recite the above paragraphs and incorporate them by reference.

42. Plaintiffs contracted with Defendant CSAA for homeowners insurance coverage, and such coverage was memorialized by the Policy.

43. Plaintiffs submitted the insurance Claim to Defendant CSAA for damage to the roof of the Property.

44. Defendant CSAA is in breach of the Policy for failure to make payments owed for the Claim.

45. Plaintiffs have been damaged because of Defendant CSAA's breach of the Policy.

46. The cost to replace the roof is approximately $53,000.00.

47. Plaintiffs have sustained damages in the amount of $50,500.00 ($53,000.00, less their deductible of $2,500.00).

48. Plaintiffs are entitled to actual damages in the amount of policy benefits due under the Policy (approximately $50,500.00), plus attorney fees and statutory interest pursuant to OKLA. STAT. TIT. 36 § 3629.

**WHEREFORE** Plaintiffs pray for judgement against Defendant CSAA on their claim for breach of contract, and request actual damages, statutory attorney fees, and statutory interest in excess of $75,000.00.

### SECOND CLAIM FOR RELIEF: BAD FAITH HANDLING OF AN INSURANCE CLAIM AS TO DEFENDANT CSAA

49. Plaintiffs recite the above paragraphs and incorporate them by reference.

50. Plaintiffs contracted with Defendant CSAA for homeowners' insurance coverage, and such coverage was memorialized by the Policy.

51. As Plaintiffs' insurer, Defendant CSAA owed Plaintiff a duty of good faith and fair dealing.

52. As Plaintiffs' insurer, Defendant CSAA owed Plaintiffs a duty to investigate the claim.

53. Defendant CSAA breached its duty of good faith and fair dealing by failing to properly investigate the claim.

54. Defendant CSAA breached its duty of good faith and fair dealing by basing its denial of Plaintiffs' Claim upon a position unsupported by facts.

55. Defendant CSAA breached its duty of good faith and fair dealing by refusing to provide Plaintiffs with information it relied upon in denying the claim, including relevant weather data.

56. Defendant CSAA breached its duty of good faith and fair dealing by taking a position contrary to the clear and undisputed evidence that at the time Plaintiffs purchased the Property, there was no documented storm damage to the roof.

57. Defendant CSAA breached its duty of good faith and fair dealing by taking the unreasonable and unsupported position that the hail damage preceded the Policy period.

58. Plaintiffs have been damaged as a result of Defendant CSAA's unreasonable and bad faith handling of the Claim, including embarrassment and stress.

59. Plaintiffs seeks "Category II" punitive damages under Okla. Stat. tit. 23 § 9.1(C) in the amount of $500,000.00 or twice the amount of actual damages awarded, whichever is greater.

**WHEREFORE** Plaintiffs pray for judgement against Defendant CSAA Fire and Casualty Insurance Company on their claim for bad faith handling of an insurance claim, and request actual damages, punitive damages, and interest in excess of $75,000.00.

Respectfully submitted,

SCHAEFER HERRING PLLC

Ryan J. Fulda, OBA #21184
7134 South Yale, Ste. 300
Tulsa, Oklahoma 74136
Telephone: (918) 550-8105
Facsimile: (918) 550-8106
ryan.fulda@schafferherring.com
**ATTORNEY FOR PLAINTIFFS**

7